IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAMES EDWARD JOHNSON,<br>*Plaintiff*<br><br>v.<br><br>BRANDON SALTER, SAMUEL NOBLE, KATHERINE ALZOLA, and CITY OF AUSTIN, TEXAS,<br>*Defendants* | § § § § § § § § § <br><br>Case No. 1:22-CV-01050-DAE |

### ORDER

Now before the Court are Defendant City of Austin's Opposed Motion to Quash and for Protection as to Plaintiff's Rule 30(b)(6) Notice of Deposition for Defendant City of Austin, filed February 8, 2024 (Dkt. 33); Plaintiff's Unopposed Motion to Exceed Page Limit in Motion to Compel, filed February 9, 2024 (Dkt. 34); Plaintiff's Motion to Compel Deposition and Response to Subpoena *Duces Tecum*, filed February 15, 2024 (Dkt. 37); Defendant City of Austin's Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production, filed February 15, 2024 (Dkt. 38); and Plaintiff's Motion to Compel Responses to Second Set of Requests for Production from Defendant City of Austin, filed February 16, 2024 (Dkt. 39).

By Text Orders entered February 9, 15, and 16, 2024, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas ("Local Rules").

1

The Court observes with dismay that the City of Austin commenced this flurry of motions by repeating its failure to follow the simplest of this Court's local rules.[1] First, its brief is 16 pages but should have been no more than 10. Local Rule CV-7(c)(2). Second, the Motion to Quash lacks the certificate of conference required by Local Rule CV-7(g):

> **(g) Conference Required.** The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement *and certifies the specific reason that no agreement could be made*.

(emphasis added). The motion could be denied for this reason alone.

These requirements are not mere formalities but essential to efficient administration of justice. Both parties indicate that they are conferring in an effort to resolve their disputes. Dkt. 33 at 6; Dkt. 37 at 11; Dkt. 39 at 11. Yet they have burdened the Court with five motions – two of them overlength – and hundreds of pages of exhibits. Expiration of the discovery deadline is no excuse for this wasteful practice.

For these reasons, the Court **ORDERS:**

1. Plaintiff's Unopposed Motion to Exceed Page Limit in Motion to Compel (Dkt. 34) is **GRANTED**. The Clerk shall file Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production from Defendant City of Austin (Dkt. 34-2) on the docket of this case.

2. Defendant City of Austin's Unopposed Motion for Extension of Time to Respond to Plaintiff's Motion to Compel Responses to Interrogatories and Requests for Production (Dkt. 38) is **GRANTED**. The City has until March 1, 2024 to file a response to **ALL THREE** of Plaintiff's pending discovery motions.

3. Counsel for the parties must meaningfully confer and attempt to resolve **ALL** their discovery disputes.

---

[1] *See, e.g.*, *Beltran v. City of Austin*, Dkt. 1:22-CV-15-LY, Dkt. 41; *Fox v. City of Austin*, Dkt. No. 1:22-cv-835-DAE, Dkt. 38.

After their conference, the parties are **ORDERED** to **FILE a Joint Advisory to the Court no more than ten pages long on or before March 1, 2024**. The Joint Advisory must inform the Court what issues raised in all pending discovery motions have been resolved, identify any remaining disputed issues requiring resolution by the Court, and briefly set forth the parties' positions on each outstanding issue, with supporting authority.

After considering the Joint Advisory, the Court will determine whether a hearing is necessary to address any issues the parties cannot resolve without Court intervention. If no issues remain, the motions will be dismissed as moot.

**SIGNED** on February 20, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE